Case 2:18-cv-00421   Document 35   Filed on 04/15/19 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
April 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-421 |
| | § | |
| ISAAC KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

Plaintiff William Rogers is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, Plaintiff has stated an Eighth Amendment claim for injunctive relief against **Dr. Isaac Kwarteng and John Doe Medical Director** as the party or parties able to provide the injunctive relief should Plaintiff prevail. The undersigned will order service on these defendants.

The undersigned further recommends that Plaintiff's claims against the **University of Texas Medical Branch** be dismissed with prejudice as **BARRED** by the Eleventh Amendment. Lastly, for the reasons set forth below, it is respectfully recommended that Plaintiff's claims for injunctive relief against **Defendants Susanna Corbett and M.**

**Goyel** be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. In this civil rights action, Plaintiff sues the following defendants: (1) Dr. Isaac Kwarteng; (2) Physician Assistant (PA) Susanna Corbett; (3) Medical Provider M. Goyel; (4) John Doe Medical Director from Region IV, University Texas Medical Branch (UTMB); and (5) the UTMB. Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs by failing to treat his serious diabetic condition with Lantus instead of NPH insulin twice a day. Plaintiff seeks injunctive relief in the form of receiving either insulin three time per day or Lantus to prevent future harm.

Plaintiff has filed a motion seeking immediate preliminary injunctive relief in which he asks the Court to direct Defendants to: (1) treat him immediately with Lantus; (2) provide him with lazar surgery to stop his retinal bleeding in both eyes caused by blood sugar spikes; and (3) appoint him counsel. (D.E. 6). On December 7, 2018, the undersigned ordered the Office of the Attorney General (OAG) to submit a response to

Plaintiff's motion for preliminary injunction and a *Martinez*[1] report to assist the Court in evaluating whether a preliminary injunction is warranted. (D.E. 12).

On January 8, 2018, Plaintiff filed a motion for emergency injunction, reiterating that he seeks immediate treatment of his diabetes with Lantus to stop his sugar spikes. (D.E. 20). The OAG subsequently has filed both its response to the initial motion for preliminary injunction and the *Martinez* report. (D.E. 24, 26).[2]

On December 20, 2018, Magistrate Judge Libby conducted a *Spears*[3] hearing. The following representations were made either in Plaintiff's original complaint (D.E. 1) or at the *Spears* hearing.

Plaintiff arrived in TDCJ custody in January 2015. Plaintiff has spent most of his time in custody at the McConnell Unit. Plaintiff was diagnosed with diabetes in 1998. At the time he was diagnosed, Plaintiff's free world doctor observed that Plaintiff was resistant to NPH insulin. NPH insulin is a relatively short-acting insulin.

At the time Plaintiff arrived into TDCJ custody, he signed an authorization allowing TDCJ to contact his free world doctor regarding his NPH insulin resistance. Based on his insulin levels at the time, UTMB officials believed Plaintiff was lying about being NPH insulin resistant. Plaintiff testified that his lab numbers were skewed and did not tell the whole story about his diabetic condition. Dr. Kwarteng informed Plaintiff that

---

[1] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Cay v. Estelle*, 789 F.2d 318, 323 n. 4 (5th Cir. 1986). *See also Cay v. Estelle,* 789 F.2d 318, 323 n. 4 (5th Cir.1986) (Fifth Circuit approved of the use of *Martinez* Reports in order to develop the factual basis of inmate claims).

[2] Plaintiff's motions seeking preliminary and emergency injunctive relief will be addressed separately.

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

his numbers did not warrant a change in his treatment for his diabetic condition. Despite the previous diagnosis of insulin resistance to NPH insulin, Plaintiff currently is prescribed NPH insulin twice a day, once in the morning and once in the evening before meals. Plaintiff receives no insulin or blood sugar checks at lunch. Plaintiff also takes kidney and heart medications.

Before Plaintiff was taken into TDCJ custody, the results of a retinal screening for his eyes were normal. While taking the current NPH insulin, however, Plaintiff suffers from three to four blood sugar spikes a day. Plaintiff feels his blood pressure increasing and eyes bulging along with the blood sugar spikes. Plaintiff recently underwent another retinal screening for his eyes. A retinal screening technician told Plaintiff that his eyes were in the worst condition she has ever seen. In his time in TDCJ custody, Plaintiff has progressed from no diabetic retinopathy to stage four retinopathy. Plaintiff explained that this progression was due to uncontrolled blood sugar spikes. When Plaintiff returned to the McConnell Unit, Dr. Kwarteng informed Plaintiff that his insulin medication would not be changed due to his blood sugar results. Plaintiff testified that he is not allowed to visit medical whenever he experiences blood sugar spikes.

Plaintiff further complains that he is not receiving blood sugar checks at certain times of the day, including a required lunch-time check. When Plaintiff is tested, his blood sugar results are closer to normal. Plaintiff states that Lantus has controlled his blood sugar spikes in the past. According to Plaintiff, Lantus is used in all other prisons but the McConnell Unit. However, due to cost issues, Plaintiff is not currently being prescribed Lantus. Plaintiff has filed numerous informal and formal grievances seeking

to be prescribed Lantus. He was unable to obtain any relief with respect to his grievances.

Plaintiff believes that Dr. Kwarteng is responsible for the decision not to prescribe Lantus to Plaintiff and for the timing of the blood sugar tests which fail to show the dangerous levels associated with his blood sugar spikes. According to Plaintiff, Dr. Kwarteng describes Lantus as a "Cadillac" medicine. Plaintiff sues PA Corbett because she is one of the medical providers. PA Corbett, according to Plaintiff, is "caught in the middle" about whether Plaintiff should be prescribed Lantus. Plaintiff states that Defendant Goyel is a medical provider at the McConnell Unit. Plaintiff also sues John Doe Medical Director from Region IV, UTMB. Plaintiff believes that this defendant is ultimately in control as to whether an inmate receives Lantus.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a

legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.

42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV. **DISCUSSION**

    A. **Eleventh Amendment Immunity**

Plaintiff seeks to sue the UTMB for injunctive relief. However, "[t]he Eleventh Amendment bars suit against state entities such as TDCJ and UTMB regardless of whether money damages or injunctive relief is sought under § 1983." *See Flaming v. University of Texas Medical Branch*, No. H-15-2222, 2016 WL 727941, *5 (S.D. Tex. Feb. 24, 2016) (citing *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1988) and *Clay v. Texas Women's University*, 728 F.2d 714, 715-16 (5th Cir. 1984)). Accordingly, it is respectfully recommended that Plaintiff's § 1983 claims against the UTMB be dismissed as barred by the Eleventh Amendment.

    B. **Proper Defendants**

Plaintiff only seeks injunctive relief in the form of receiving Lantus instead of NPH insulin as well as receiving immediate treatment for his eyes. Plaintiff has named Dr. Kwarteng, PA Corbett and medical provider Goyel, all individuals who have provided medical services to Plaintiff at the McConnell Unit for his diabetic condition. Of these three defendants, Plaintiff's allegations indicate that Dr. Kwarteng is the main medical provider responsible for the decision not to prescribe Lantus to Plaintiff and for the timing of Plaintiff's blood sugar tests.

Plaintiff also has named John Doe Medical Director from the UTMB, whom Plaintiff believes to be the decision maker as to whether patients like Plaintiff receive Lantus or some other insulin medication. For purposes of obtaining the requested injunctive relief, both Dr. Kwarteng and the John Doe Medical Director appear to be individuals who can fashion the relief Plaintiff seeks should he prevail on his deliberate indifference claims. Further factual development of this issue should clarify whether one or both defendants is the best person or persons to provide the requested injunctive relief. Accordingly, the undersigned finds that Dr. Kwarteng and John Doe Medical Director are the appropriate defendants to respond to Plaintiff's claims for injunctive relief. Because PA Corbett and Medical Provider Goyel are not the appropriate defendants to provide injunctive relief should Plaintiff prevail, the undersigned recommends the Court dismiss Plaintiff's claims against Corbett and Goyel.

    **C.    Deliberate Indifference to Serious Medical Needs**

Prisoners are protected from cruel and unusual punishment by the Eighth Amendment. While not mandating a certain level of medical care for prisoners, the Eighth Amendment imposes a duty on prison officials to ensure that inmates receive adequate medical care. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Prison officials are liable for failure to provide medical treatment if they are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied

an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. *Id.* at 104-05. A prison official acts with deliberate indifference if she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. 825, 847 (1994). The official must both be aware of facts from which an inference of substantial risk of serious harm can be drawn and also draw the inference. *Easter*, 467 F.3d at 463. A prison official's knowledge of substantial risk may be inferred if the risk was obvious. *Id.*

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted).

Although inadequate medical treatment may rise to the level of a constitutional violation, "unsuccessful medical treatment and acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with [his] medical treatment, absent exceptional circumstances." *Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citations omitted).

Plaintiff testified at the *Spears* hearing that: (1) at the time he was diagnosed with diabetes in 1998, Plaintiff's free world doctor observed that Plaintiff was resistant to NPH insulin; (2) despite this diagnosis of insulin resistance to NPH insulin, Plaintiff has received NPH insulin twice a day ever since he arrived at the McConnell Unit; (3) before Plaintiff was taken into TDCJ custody, the results of a retinal screening for his eyes were normal; (4) while taking the current NPH insulin, however, Plaintiff suffers from three to four blood sugar spikes a day; (5) after undergoing a recent retinal screening, the technician told Plaintiff that his eyes were in the worst condition she has ever seen; (6) Plaintiff has progressed from no diabetic retinopathy to stage four retinopathy during his time in TDCJ custody; (7) when Plaintiff returned to the McConnell Unit following his recent retinal screening, Dr. Kwarteng informed Plaintiff that his insulin medication would not be changed due to his blood sugar results; (8) Plaintiff, however, is not allowed to visit medical whenever he experiences his blood sugar spikes; (9) Plaintiff receives no blood sugar checks at certain times of the day, including at lunch time; and (10) when he has been prescribed Lantus in the past, it has controlled his blood sugar spikes.

Plaintiff's allegations, taken as true, suggest that Dr. Kwarteng was aware of facts suggesting that the continued use of NPH insulin poses a substantial health risk to Plaintiff and has nevertheless continued prescribing NPH insulin instead of the more effective drug identified as Lantus. Plaintiff, therefore, has alleged sufficient facts for purposes of stating a claim for injunctive relief against those defendants described by Plaintiff as having the authority to prescribe Lantus instead of NPH insulin. The

undersigned, therefore, recommends retaining Plaintiff's deliberate indifference claim against Defendants Kwarteng and John Doe Medical Director.[4]

## V. RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, it is respectfully recommended that Plaintiff's Eighth Amendment deliberate indifference claims seeking injunctive relief against **Dr. Isaac Kwarteng and John Doe Medical Director** be **RETAINED**. The undersigned will order service as to these defendants by separate order.

It is respectfully recommended further that Plaintiff's claims against the **UTMB** be dismissed with prejudice as **BARRED** by the Eleventh Amendment. Lastly, it is respectfully recommended that Plaintiff's claims for injunctive relief against **Defendants Susanna Corbett and M. Goyel** be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

ORDERED this 15th day of April 2019.

                                                   Jason B. Libby
                                            United States Magistrate Judge

---

[4] The OAG has submitted as part of their *Martinez* report evidence to show that Plaintiff has received extensive and ongoing medical treatment for his diabetic condition. Despite the fact that such evidence have been placed into the record, the undersigned notes that this case is still at the pleading stage. *See Denby v. Norwood*, No. 7:13-CV-140, 2016 WL 2937470, at *2 (N.D. Tex. Apr. 26, 2016). Thus, the undersigned does not consider the evidence submitted in connection with the *Martinez* report for purposes of deciding whether Plaintiff has stated a claim for relief at the screening stage.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).