UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-421 |
| | § | |
| ISAAC KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND

Plaintiff William Rogers is a Texas inmate appearing *pro se* and *in forma pauperis*. Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. Pending before the Court is Plaintiff's Motion to Amend. (D.E. 22).

In this civil rights action, Plaintiff sues the following defendants: (1) Dr. Isaac Kwarteng; (2) Physician Assistant (PA) Susanna Corbett; (3) Medical Provider M. Goyel; (4) John Doe Medical Director from Region IV, University Texas Medical Branch (UTMB); and (5) the UTMB. Plaintiff alleges that Defendants have acted with deliberate indifference to his serious medical needs by failing to treat his diabetic condition with Lantus instead of NPH insulin twice per day. Plaintiff seeks injunctive relief in the form of receiving either insulin three time per day or Lantus to prevent future harm.

On January 22, 2019, Plaintiff filed a motion to amend in which he seeks to add certain retaliation claims. (D.E. 22). He alleges that, on January 14, 2019, TDCJ

officials removed his work and medical restrictions, forcing him to work despite his "grave diabetic condition." (D.E. 22, p. 1). Plaintiff claims that prison officials engaged in this action to retaliate against Plaintiff for filing this lawsuit. Plaintiff further fears that prison officials will transfer him from the McConnell Unit as another retaliatory act for filing this lawsuit. (D.E. 22, p. 1).

Rule 15(a) of the Federal Rule of Civil Procedure provides that a party may amend his pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, a "party may amend its pleading only with the opposing party's written consent or the court's leave" [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Determining when "justice so requires" rests within the sound discretion of a district court. *See Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir. 1982) (citations omitted). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osbourne,* 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading,* 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp., et al.,* 3 F.3d 137, 139 (5th Cir. 1993).

Rule 15(d), on the other hand, provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Fifth Circuit has indicated that the same factors that shape a Rule 15(a) motion to amend inquiry also apply to a Rule 15(d) motion. *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983). "Leave to supplement should not be granted where a plaintiff attempts to present 'new and different cause[s] of action.'" *Garcia v. Hackman*, No. C-10-311, 2011 WL 2457918, at *19 (S.D. Tex. Jun. 16, 2011) (quoting *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964)).

Plaintiff's allegations in support of his new retaliation claims occurred after he filed his original complaint. Nevertheless, regardless whether Plaintiff's motion is evaluated under Rule 15(a) or Rule 15(d), his motions seeking to add such claims are without merit.

Plaintiff seeks to present a new and different cause of action in his current motion against possible additional parties. As such, leave to supplement under Rule 15(d) is denied. *See Garcia*, 2011 WL 2457918, at *19. Furthermore, substantial reasons exist to deny Plaintiff's motion to the extent it is construed as a Rule 15(a) motion to amend. Plaintiff's new retaliation claims arose after the filing of his amended complaint and out of separate transactions and occurrences as compared to his deliberate indifference claims. *See* Fed. R. Civ. P. 20(a) (allowing the joinder of several parties if the claims

arose out of a single transaction and contain a question of fact or law common to all the defendants); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed)

Plaintiff's new retaliation claims do not appear to involve all of the same medical officials named in this case and are not closely related to the claims in his original complaint. While Plaintiff may not add his new retaliation claims to this case, he may seek to pursue such claims in a separate cause of action. Accordingly, Plaintiff's Motion to Amend is **DENIED without prejudice** to Plaintiff pursuing his retaliation claims in a separate lawsuit.

ORDERED this 16th day of April 2019.

_Jason Libby_
Jason B. Libby
United States Magistrate Judge